**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| CAROL BAKER, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 04-2105 (WHW) |
| HUNTER DOUGLAS, INC., | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

This matter is before the Court on Plaintiff's motion for the entry of a final judgment pursuant to Fed. R. Civ. P. 54(b). Pursuant to Fed. R. Civ. P. 78, the Court decides this matter on the basis of the written submissions of the parties. For the reasons stated below, Plaintiff's motion is granted.

**PROCEDURAL BACKGROUND**

On May 5, 2004, Plaintiff Carol Baker brought suit against Defendant Hunter Douglas Corporation ("Hunter Douglas"), alleging that it did not allow her to return to work and prevented her from taking advantage of federally available leave under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA") (Counts One and Two), that it discriminated against her based on her alleged disability in violation of New Jersey Law Against

**NOT FOR PUBLICATION**

Discrimination, N.J.S.A. 10:5-12 et seq. ("NJLAD") (Counts Three and Four), and for common law equitable estoppel (Count Five).[1]  On October 5, 2005, Defendant moved for summary judgment on all counts.

In a Letter Order dated March 27, 2006, this Court dismissed Plaintiff's claims for failure to re-instate pursuant to the FMLA (Count One), discrimination (Count Three), and failure to accomodate her disability (Count Four), as well as her equittable estoppel claim (Count Five). The Court denied Defendant's motion as to Plaintiff's FLMA interference claim (Count Two). Plaintiff now asks the Court to certify the March 2006 decision as final, pursuant to Fed. R. Civ. P. 54(b), so that she may pursue an appeal on the dismissed claims.  Alternatively, Plaintiff asks the Court to certify the March 2006 Letter Order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**STANDARDS**

**Rule 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . .

Fed. R Civ. P. 54(b).

---

[1] A detailed description of the facts giving rise to these allegations can be found in the Court's March 27, 2006 Letter Order.

**NOT FOR PUBLICATION**

In order to certify a claim for final judgment under 54(b), a district court must determine that it is dealing with a final judgment. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980) (citing Sears, Roebuck, & Co. v. Mackey, 351 U.S. 427, 431 (1956)).  It must be the ultimate disposition of a cognizable claim for relief.  Id.  Once a court establishes finality, it must use its discretion to determine whether or not there is any just reason for delay.  Id.  The district court "must take into account judicial administrative interests as well as the equities involved." Id. at 8.  The goal is to balance the federal policy against piecemeal appeals with justice to the litigants.  Id.  The Third Circuit has established several factors to consider in determining whether or not there is a just reason for delay under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Allis-Chalmers Corp. v. Philadephia Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975), aff'd in relev. part, 142 F.3d 601 (3d Cir. 1998); see also Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006) (citing Allis-Chalmers factors); Waldorf v. Borough of Kenilworth, 959 F. Supp. 675, 679 (D.N.J. 1997) (same).  A party seeking certification need not meet all of the above criteria.  Allied Chalmers, 521 F.2d at 364, n.6 ("Our listing of these factors is for purpose of illustration and should not be considered all-inclusive.").  A "lack of overlap" between the

**NOT FOR PUBLICATION**

claims "strongly supports the finding of no just reason for delay and, thus, the entry of a partial final judgment under Rule 54(b)." Quinn v. City of Boston, 325 F.3d 18, 12 (1st Cir. 2003).

**ANALYSIS**

It is undisputed that the Court's March, 2006 Letter Order constituted a "final judgment" for Rule 54(b) purposes. It was the "ultimate disposition" of four individual claims entered in the course of a multiple claim action. Curtiss-Wright Corp., 446 U.S. at 7 (citing Sears, Roebuck, 351 U.S. at 431). Specifically, the Court dismissed Plaintiff's FMLA claim for failure to reinstate, her disability and failure to accomodate claims, and her claim for equitable estoppel but permitted her to proceed with her claim for interference of her FMLA rights.

The real issue is whether there is any just reason for delaying appeal until the resolution of Plaintiff's remaining claim. Plaintiff argues that no just reason for delay exists because the dismissed claims and Plaintiff's FMLA claim involve different factual and legal issues. Furthermore, Plaintiff argues that denial of immediate appeal presents the danger of duplicative trials because depending on the outcome of the appeal, another trial may be necessary. Defendant, in contrast, argues that certifying the dismissed claims for appeal will lead to unnecessary delay in the resolution of the remaining claim.

Applying the factors set out in Allis-Chalmers, the Court finds that no just reason for delay exists. First and foremost, the dismissed claims and Plaintiff's FMLA claim involve different factual and legal questions. Plaintiff's FMLA claim concerns whether Defendant's request that Plaintiff delay her leave from June 5 to June 16, 2006 constituted interference with

-4-

**NOT FOR PUBLICATION**

Plaintiff's rights under the FMLA. This issue is not directly related to the dismissed claims which concern whether the NLAD and/or the FLMA required the Defendant to permit Plaintiff to return to work part-time when her leave expired on September 5, 2006 or whether Defendant is equitably estopped from terminating Plaintiff's employment for failure to return on that date. Notably, Plaintiff's FMLA interference claim and the dismissed claims concern a distinct time frames. Second, trying the FMLA interference claim will not render moot Plaintiff's appeal of the March, 2006 Letter Order since the claims do not overlap. Regardless of whether Plaintiff succeeds at trial on the FMLA interference claim, she will still be able to appeal the dismissed claims. In contrast, if the FMLA intereference claim goes to trial and Plaintiff later succeeds on any of her appeals of the dismissed claims, the district court may have to hear another trial. Third, since the factual and legal issues of the dismissed claims and remaining claim are distinct, it is unlikely that the appellate court "will have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp., 446 U.S. at 8. Accordingly, the Court concludes that there is no just reason for delay.

    Plaintiff's motion for certification of the judgment as final is granted.

                                                                 s/ William H. Walls
                                                    **William H. Walls, U.S.D.J.**

**NOT FOR PUBLICATION**